IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **06-cv-1556-AP**

**EDUARDO A. DELGADILLO,**

      Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

      Defendant.

---

**ORDER**

---

Kane, J.

This social security appeal is before me on Plaintiff's combined Motion under Fed. R. Civ. P. Rule 60(a) or Rule 60(b) to Amend Equal Access to Justice Order for Attorney Fees and Motion to Set Aside Wrongful Offset of EAJA Attorney Fee (Doc. 21). Plaintiff seeks a modification of my February 28, 2007 Order awarding him EAJA fees stating that those fees are to be paid directly to his attorney, Robert K. Gruber, rather than to Plaintiff personally.  Alternatively, Plaintiff asks that I set aside the Treasury Department's administrative offset of the entirety of those fees for a purported child support obligation of Plaintiff.

The government's competing interests in making available qualified legal representation to Social Security Plaintiffs on the one hand and enforcing child support obligations on the other results in an impasse in this case.  I agree with the court in

*Dixon-Townsell v. Barnhart*, 455 F. Supp.2d 1283, 1284 (N.D. Okla. 2006) that allowing the Treasury Department to offset EAJA fees for the EAJA litigant's delinquent child support obligations subverts, entirely, EAJA's function and purpose.  It cannot but have a significant chilling effect on counsel's willingness to represent indigent clients in Social Security appeals, which representation, one may confidently surmise, benefits children by supplementing the income of their child-support owing parents without doing so at the expense of law-abiding Social Security claimants for whom EAJA is the only means to competent legal representation.  While I disagree with Plaintiff's assertion that EAJA fees "belong" to the attorney and not the client, I cannot agree that the complete vitiation of Congress's intent in enacting EAJA uncritically follows.

Accordingly, I DENY Plaintiff's Motions to the extent they ask me to modify my February 28, 2007 Order to declare the EAJA fees awarded to be his attorney's or to order them paid directly to his attorney.  Instead, I will construe the Motions as a request to enjoin or temporarily to stay the Treasury Department's action in offsetting Plaintiff's EAJA fee until the competing federal interests can be resolved, and GRANT that request. I will call for briefs and set the matter for oral argument by separate Minute Order.

June 13, 2007.                                   **s/John L. Kane**
                                                 SENIOR U.S. DISTRICT JUDGE